# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERTUS CONNER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3858** |
| **STATE OF LOUISIANA ET AL.** | **SECTION: "S" (3)** |

| | |
|---|---|
| **ALBERTUS CONNER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-4121** |
| **STATE OF LOUISIANA ET AL.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to dismiss the application for writ of habeas corpus of Judge Alarcon, the Attorney General, and the State of Louisiana is **GRANTED**. (No. 09-3858, Document #16.)

**IT IS FURTHER ORDERED** that Jessie Washington's motion to dismiss for lack of jurisdiction is **GRANTED**. (No. 09-3858, Document #18.)

**IT IS FURTHER ORDERED** that the motions to dismiss the civil rights action of Judge Alarcon, Special Agent Terry Apple, the Attorney General, and the State of Louisiana are **GRANTED**. (No. 09-4121, Documents #19 and #20).

**IT IS FURTHER ORDERED** that Jessie Washington's motion to dismiss the civil rights action for lack of jurisdiction is **GRANTED**, and the claims are **DISMISSED WITHOUT PREJUDICE**.. (No. 09-4121, Document #22.)

## I. BACKGROUND

Albertus Conner, Jr. filed two cases related to his arrest for theft of over $500, as a result of a complaint against him by Jessie Washington. The complaint arises out of a contract for Connor to perform work on her property, installing sheetrock, doors, insulation, and framing and patching exterior stucco. Washington agreed to pay him $3,800 to begin the project, and $3,800 upon completion of the "mudwork." When the job was near completion, Washington expressed that she had a problem with Mexican workers on her property, even though the workers produced Louisiana identification cards. Conner returned to the property the following day and found that Washington had changed the locks, and he could not gain entry. Several days later, Conner was able to contact Washington by telephone. She explained that she had run out of money and told him that he could retrieve his tools. Conner and his wife picked up the tools and some flower pots, which they were to take "in lieu of repair."

Some time later, Conner went to a pawn shop to buy a DVD. A woman accused him of speaking inappropriately to her minor daughter and asked the security guard to call the police. The police arrived and examined Connor's identification. After Officer Savannah checked for warrants, he advised Conner that there was an outstanding Attorney General warrant for contractor fraud. Conner was arrested and taken to Caddo Correctional Center in Shreveport,

Louisiana, where he spent the weekend. On Monday, he was transported to Orleans Parish Prison by two investigators with the Attorney General's office. Conner appeared for an arraignment on June 15, 2009, represented by a court-appointed attorney who was not familiar with his case.

On June 22, 2009, in Civil Action No. 09-3858, Conner filed a *pro se*, *in forma pauperis*, habeas corpus application against the State of Louisiana, the Attorney General of the State of Louisiana, the Orleans Parish District Attorney, and Judge Terry Q. Alarcon. He also filed a claim against Jessie Washington, who filed a complaint for contractor fraud with the Attorney General. He alleges that his constitutional rights were violated when 1) the Attorney General's office accompanied Washington to a Justice of the Peace to file a complaint without verifying her statement; 2) Officer Savannah[1] arrested him without cause; 3) the Orleans Parish District Attorney failed to hold a probable-cause hearing after he was arrested on a warrant issued by a Justice of the Peace, failed to screen the case properly, and held him for trial without probable cause; 4) Judge Terry Alarcon deprived him of his constitutional rights by refusing to hear any evidence, including testimony of a witness who would have testified that Washington locked up the flower pots and tools and failed to pay the balance on the contract.

On June 24, 2009, in Civil Action No. 09-4121, Conner filed a *pro se*, *in forma pauperis*, prisoner's civil rights action, pursuant to 42 U.S.C. § 1983, against the State of Louisiana, the Attorney General of the State of Louisiana, the Orleans Parish District Attorney, Judge Terry Alarcon, and Special Agent Terry Apple of the Louisiana Department of Justice. Conner filed a

---

[1] Officer Savannah is not a named defendant.

separate breach of contract claim against Jessie Washington. He alleges that the affidavit relied on for his arrest is a perjured statement because his work was not substandard; and he did not abandon the job, but could not complete it because Washington changed the locks. He seeks damages and asks that perjury charges be filed.

In No. 09-3858, the habeas corpus case, Judge Alarcon and the Attorney General filed a motion to dismiss (document #16), and Washington filed a motion to dismiss for lack of jurisdiction (document #18). In No. 09-4121, the civil rights action, Judge Alarcon filed a motion to dismiss (document #19), Apple and the Attorney General filed a motion to dismiss (document #20), and Washington filed a motion to dismiss for lack of jurisdiction (document #22).

## II. DISCUSSION

**A. No. 09-3858 - Habeas corpus**

The Attorney General and Judge Alarcon contend that the court lacks jurisdiction under 28 U.S.C. § 2254 or § 2241 because Conner does not allege that he meets the "in custody" requirement for issuance of a writ of habeas corpus. Alternatively, the defendants contend that, even if Conner is in custody, the Attorney General and Judge Alarcon are not proper parties because Connor must name the custodian as the defendant in an application for writ of habeas corpus.

"Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) (internal quotation and citation omitted). "Pretrial petitions are properly brought

4

under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." Id. (internal quotation and citation omitted); see also § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prison unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

In his habeas corpus application, it is unclear whether Connor is attacking a state court judgment or only his arrest and the arraignment procedures that followed his arrest. Whether § 2254 or § 2241 applies, Conner does not allege that he was in custody when he filed the application for habeas corpus relief. Moreover, the addresses that he provided on the application and for service of process are located in Shreveport and in New Orleans and do not reflect that he was in custody. Accordingly, Conner has not asserted and the record does not reflect that he meets the "in custody" requirement, and the defendants' motion to dismiss for lack of jurisdiction is granted.

**B. No. 09-4121 - Civil rights action**

Judge Alarcon, the Attorney General, and Apple contend that the court lacks subject matter jurisdiction over the § 1983 action under the Rooker-Feldman Doctrine. Alternatively, they argue that the complaint fails to state a claim for which relief can be granted because Conner has not demonstrated that his conviction or sentence has been invalidated. Judge Alarcon further contends that he is entitled to absolute immunity.

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

5

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

In this case, it is unclear when Conner was convicted and when he was incarcerated. The only reference to his conviction is in his opposition, in which he states that Judge Alarcon "ordered me to sit still and be prosecuted and sentenced without probable cause." Further, Conner filed his complaint on a "Form to be Used by a Prisoner in Filing A Complaint under the Civil Rights Act, 42 U.S.C. § 1983," inferring that he is a prisoner. Notwithstanding, Conner does not allege that his conviction or sentence have been invalidated, and the granting of relief would imply the invalidity of a conviction. Therefore, Connor's claims are barred by the doctrine of Heck. Because the § 1983 claim is barred by Heck, the court need not address the alternative grounds for dismissal of the complaint. Accordingly, the motion to dismiss is granted, and the § 1983 claims are dismissed.

**C. Claims against Washington**

Washington moves to dismiss the claim of breach of contract. She argues that the court lacks jurisdiction over the habeas action and Conner fails to state a claim under § 1983;

6

therefore, the only remaining claim is the state law claim of breach of contract,[2] over which the court lack supplemental jurisdiction or diversity jurisdiction.

"In cases where all of the federal claims are dismissed before trial, the general rule is that a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had pendent jurisdiction." Priester v. Lowndes County, 354 F.3d 414, 425 (5th Cir. 2004). Because the court lacks jurisdiction over the claims for habeas corpus and § 1983 relief, the court does not exercise jurisdiction over the supplemental state-law claims against Washington. Further, the court lacks diversity jurisdiction because Connor and Washington are citizens of Louisiana. Accordingly, the motion to dismiss is granted, and the state-law claims are dismissed without prejudice.

New Orleans, Louisiana, this 19th day of January, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[2] Washington is not a state actor and cannot be sued under § 1983. Drake v. St. Paul Travelers Ins. Co., 2009 WL 4035470 (5th Cir. 2009).